UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAM TRAN,

              Plaintiff,

v.

CLARK COUNTY PROSECUTOR,

              Defendants.

Case No. 3:22-cv-05969-JLR

REPORT AND RECOMMENDATION

NOTED FOR FEBRUARY 3, 2023

      Plaintiff Tam Tran filed a Declaration and Application to Proceed In Forma Pauperis and Written Consent for Payment of Costs ("Application"). Dkt. 1. The District Court has referred Plaintiffs' Application to Proceed In Forma Pauperis ("IFP") to United States Magistrate Judge Theresa L. Fricke pursuant to Amended General Order 11-22. Plaintiff's complaint is duplicative of *Tran v. Clark County Sheriff's Office*, 3:22-cv-5456-BHS. Accordingly, the Court recommends the Application (Dkt. 1) should be denied and this case should be dismissed without prejudice.

      Plaintiff has filed three Section 1983 actions that are substantially the same – they appear to be related to his arrest from March 28, 2020. *See Tran v. Clark County*, 3:22-CV-5970-BHS; *Tran v. Clark County Sheriff's Office*, 3:22-cv-5456-BHS; *Tran v. Clark County Prosecutor*, 3:22-CV-5969-JLR.

      In cause number 3:22-cv-5456-BHS, the Court issued an order denying plaintiff's IFP motion and instructed plaintiff to pay the filing fee if he wished to pursue the case.

REPORT AND RECOMMENDATION - 1

Dkt. 7. Plaintiff's IFP motion was denied because he failed to file a proposed amended complaint to cure the deficiencies identified in his original complaint. Dkt. 6. Plaintiff paid the $402.00 filing fee on October 28, 2022.

Federal courts "retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Calif. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted) (affirming the dismissal of a later-filed duplicative lawsuit). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action." *Id.* at 688. "Repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, is subject to dismissal as duplicative." *Goods v. Wasco State Prison*, No. 119CV01318JLTPC, 2019 WL 4670217, at *1 (E.D. Cal. Sept. 25, 2019).

Here, plaintiff is already moving forward with his case relating to the same arrest in 2020 in another matter – *Tran v. Clark County Sheriff's Office*, 3:22-cv-5456-BHS. Therefore, the complaint in this matter would be duplicative and should be dismissed. *Adams v. Calif. Dep't of Health Servs.*, at 688.

The IFP Application (Dkt. 1) should be denied and this case should be dismissed without prejudice. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. §

636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on February 3, 2023, as noted in the caption.

Dated this 19th day of January, 2023.

*[signature]*

Theresa L. Fricke
United States Magistrate Judge